[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is an action for a dissolution of the custody and other relief brought to the Superior Court Hartford with a return date of August 21, 2001.
The court finds that service was properly made in with the Connecticut General Statutes and that it has jurisdiction by virtue of the residence of the parties in the state of Connecticut. The court finds that the parties were married on March 3, 1990. All statutory stays have expired. There are two minor children issue of the marriage, to wit: Megan E. Allen born November 20, 1991 and Madeline O. Allen born June 10, 1994. The remaining allegations of the complaint are found to have been proven.
Based on the testimony of the parties, the court finds that the marriage has broken down irretrievably and said marriage is hereby dissolved.
The court has reviewed the exhibits as well as the testimony of the witnesses. The court has also reviewed and considered the provisions of the Connecticut General Statutes with respect to custody, visitation, child support, division of property and alimony. Based on the foregoing, the court makes the following findings and orders:
This is a marriage of fairly short duration remarkable only by the extent of animosity between the parties. Each of the parties attributes fault to the other for the breakdown of the marriage. Each of them allege that the other has been unfaithful and further allege that the other has sabotaged visitations and the relationship of the other with the minor children. The plaintiff has testified that there have been a number of untoward incidents between the parties at the pickup and drop off of the minor children. Those incidents have included times when the police were called.
CT Page 13978
The plaintiff is thirty-eight years old. She is currently employed as a bartender in a restaurant in Glastonbury. Her work is part-time. Prior to the time of her marriage she was engaged in computer sales and is currently engaged in pursuing employment.
The plaintiff currently resides in Glastonbury with Mr. Flannagan and the children at a home owned by him. She is the primary caretaker of these children.
She indicates that she would like to move from the state of Connecticut to the state of Washington. Her stated reasons for moving are that she feels that her opportunities are limited here. She further states that her husband, the defendant has slandered her name and has made the details of their personal lives known in the town of Glastonbury where they both reside. She states that her children do not get invited to parties, and the neighbors do not speak to her because of the frequency of police cars at her home. The move to the state of Washington is supported by her current boyfriend whose father has offered to help them should they relocate to that area. She feels also that her opportunities are greater in light of her background, work experience, and her recently acquired knowledge in the field of restaurants and catering. She proposes that she would pay for the children to fly during long weekends, vacations, holidays and in the summertime. In addition she proposes that the children can enjoy telephone contact at their wish.
The plaintiff has been to Seattle on one occasion in April of 2002 when she visited the city for four days with her current boyfriend, Mr. Flannagan. She has no job offer, family, residence, or any other connection to that area aside from her boyfriend's father. The children have never been to Seattle. A relocation under these circumstances is not in the best interest of the children.
The defendant is also thirty-eight years of age. He works for a company which sells consulting services and currently commutes from Glastonbury, Connecticut to Ridgefield. His base salary is $75,000.00 per year, and he indicates that he may also earn commission. The defendant had been employed by Liberty Mutual Insurance during the time of the marriage where he earned a higher salary. He was terminated from that employment because of his own improper financial conduct.
The defendant knows the plaintiff's current boyfriend, Mr. Flannagan. They have a history of having worked together at Liberty Mutual. The defendant believes Mr. Flannagan had an affair with the plaintiff during that time, and conversely Mr. Flannagan believes it is the defendant's fault that he was fired from his employment at Liberty Mutual.
CT Page 13979
Consequently, the amount of animosity between the plaintiff, the defendant, and Mr. Flannagan is considerable.
The parties take every opportunity to torture each other and engage in behavior which consistently ignores the sensibilities of their children. Notwithstanding, the defendant enjoys substantial access to his children and the evidence supports his claim that he enjoys an important role as father in the lives of his children.
Accordingly, the following orders are entered:
Joint legal custody of the minor children is ordered. The primary residence for the minor children will be with the plaintiff wife subject to reasonable rights of access in the defendant. Access in the defendant shall include but not be limited to each other weekend pursuant to the current schedule from Friday at 6:00 p. m. to Sunday at 8:00 p. m. In addition, the defendant shall have access to the children the Thursday following his weekend visitation from 6:00 p. m. to Friday morning at 8:00 a.m. and the Tuesday following from 6:00 p. m. to 8:00 a.m. on Wednesday. The father shall be responsible for transporting the children to school on the mornings following his midweek visits. In addition, if the father's visitation falls on a weekend which includes a Monday holiday, he shall have the children for that day and return the children Monday evening at 8:00 p. m.
The father shall have the children during their spring vacation in odd number years and the winter vacation in even number years, and the plaintiff shall have the opposite vacation.
Each parent shall enjoy Father's Day and Mother's Day, respectively with the minor children from 10:00 a.m. to 8:00 p. m. on that day each year.
The plaintiff mother shall have the children in even numbered years for the Thanksgiving holiday. The holiday will be from Wednesday at 6:00 p. m. until Friday morning at 8:00 a.m. following the Thanksgiving holiday. The father shall enjoy the same schedule in odd numbered years.
For the Christmas holiday, in odd numbered years, the mother shall enjoy Christmas from December 23rd at 6:00 p. m. until December 25th at 11:00 a.m. Thereafter, the father shall have the children from 11:00 a.m. on Christmas Day until 6:00 p. m. December 26th The schedule shall alternate each year.
Each party shall enjoy a reasonable period of summer vacation with the
CT Page 13980
children. Said period will not exceed two weeks. Prior notice shall be required of at least thirty (30) days.
Neither party shall be allowed to relocate the children from the town of Glastonbury without further order of the court.
The children shall be placed in counseling and the parties shall cooperate to effectuate and participate in such counseling as appropriate. If the parties are unable to agree on an appropriate counselor, the court shall retain jurisdiction for that purpose.
The defendant shall pay the sum of $267.00 per week as child support. In addition, he shall pay $63 of any unreimbursed medical expense pursuant to the provisions of the child support guidelines.
The court finds an arrearage in the amount of $1,175.00 for child support. Said arrearage shall be paid at the rate of $30.00 per week.
The defendant shall maintain medical insurance for the benefit of the minor children as is available to him through his employment.
The defendant shall pay one-half of the outstanding medical and dental expenses that are attributable to the children as shown on the plaintiff's financial affidavit. Documentation of those expenses shall be provided to the defendant by the plaintiff through counsel, and that payment shall be made within thirty days of his receipt of those bills.
The defendant shall maintain life insurance in order to secure his child support obligation for the benefit of the minor children in the amount of $150,000.00. Said insurance shall be payable to the plaintiff and shall be provided for such time as the defendant has a child support obligation. Proof of said insurance shall be supplied on an annual basis.
The defendant shall be entitled to claim both children as deductions for purposes of income tax.
The husband's pension through Liberty Mutual shall be divided equally by the parties. A Qualified Domestic Relations Order shall be prepared and issued to accomplish that end.
The bond in the amount of $1,200.00 held by the Minnechaug Swim Club shall be divided equally upon the redemption of that bond. Redemption of that bond shall take place at a time when the minor children are no longer actively using that facility.
CT Page 13981
The court is retaining jurisdiction for the purpose of consideration of an educational support order at a future date.
Neither party shall pay or receive alimony.
The defendant husband shall be entitled to the following items of personal property: antique wine rack, 26" television, a mahogany dresser in bedroom, blue Ethan Allen couch, Fuji discovery camera, and the shop vac. The plaintiff shall retain all items of jointly owned personal property in her possession not otherwise addressed herein.
The parties shall be liable for the payment of their respective obligations on their financial affidavits, unless otherwise specified herein.
BY THE COURT
 ___________________ Antonio C. Robaina, J.
CT Page 13982